Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrew Gross, | Case No. 2:20-cv-7086 |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| TitleMax of California, Inc. dba TitleMax,   MVConnect, LLC, and John Does I-X, | |
| Defendants. | |

**NATURE OF ACTION**

1.      Plaintiff Andrew Gross ("Mr. Gross") brings this action against Defendants, TitleMax of California, Inc. dba TitleMax ("TitleMax"), MVConnect, LLC ("MVC"), and John Does I-X ("DOES I-X") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, and Article 9 of Uniform Commercial Code, as enacted by the state of California, Cal. Com. Code § 9101 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.      Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendants that caused Plaintiff to suffer harms, which Congress has made legally cognizable in passing the FDCPA.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6.      To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7.      Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

8.      "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primacy enforcement tool of the Act.'"  *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

9.      Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors."  *Gonzales v. Arrow Fin.*

*Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10.     "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (emphasis in original).

11.     "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

12.     For the purpose of 15 U.S.C. § 1692f(6), a "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6).

13.    The FDCPA prohibits such persons, such as tow operators or repossession companies, from taking any nonjudicial action to effect dispossession or disablement of property if there is no present right to take possession of the property.  15 U.S.C. § 1692f(6).

### THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

14.    "California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

15.    Like the FDCPA, the purpose of the RFDCPA is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title."  Cal. Civ. Code § 1788.1(b).

16.    "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100.

17.    "[A] plaintiff who recovers under the FDCPA is entitled to damages under the corresponding section of the RFDCPA."  *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1077 (E.D. Cal. 2007).

### THE UNIFORM COMMERCIAL CODE

18.    "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties."

*McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

19.    Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

20.    After a default, the UCC gives secured parties the right to repossess collateral.  *See* Cal. Com. Code § 9609.

21.    There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if a secured party finds that it cannot get possession without committing a breach of the peace, it must stay its hand, and resort to the law.  *Henderson v. Sec. Nat. Bank*, 72 Cal. App. 3d 764, 770, 140 Cal. Rptr. 388, 391 (Ct. App. 1977); *see also MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 (Tex. 1992).

22.    This is so because the preservation of peace, is of more importance to society than the right of the owner of a chattel to get possession of it.  *Henderson*, 72 Cal. App. 3d at 770; *Willis v. Whittle,* 82 S.C. 500, 64 S.E. 410 (1909); *see also Singer Sewing Mach. Co. v. Phipps,* 49 Ind.App. 116, 94 N.E. 793 (1911) (quoting  3 William  Blackstone,  Commentaries *4)  ("[T]his  natural  right  of

recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

## PARTIES

23.   Mr. Gross is a natural person that at all relevant times resided in Los Angeles, California.

24.   Mr. Gross is a natural person allegedly obligated to pay a debt asserted to be owed or due to TitleMax.

25.   Mr. Gross's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal loan (the "Debt").

26.   Mr. Gross is a "consumer" as defined by 15 U.S.C. § 1692a(3).

27.   TitleMax is a company that regularly purchases consumer paper in the form of automobile loans.

28.   TitleMax is a "secured party" as defined by Cal. Com. Code § 9102(a)(73).

29.   TitleMax is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

30.   Defendant MVC is an Illinois limited liability company that does business in California.

31.    At all relevant times, MVC was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

32.    MVC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

33.    Plaintiff is ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as Does I-X, and therefore sues such defendants by such fictitious names until such times as their true names and/or capacities are ascertained

34.    At all relevant times, Does I-X were persons or entities using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

35.    Does I-X are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

36.    In April of 2019, Plaintiff obtained a loan from Defendant Titlemax.

37.    In connection with the loan, Plaintiff executed a loan agreement (the "Contract").

38.    As part of the agreement, Plaintiff provided Titlemax a security interest in his 2004 BMW 5-Series (the "Vehicle").

39.    Mr. Gross purchased the Vehicle for his own personal, family, and household use.

40.    The Vehicle constitutes "consumer goods" as defined by Cal. Com. Code § 9102(a)(23).

41.    The Vehicle constitutes "collateral" as defined by Cal. Com. Code § 9102(a)(12).

42.    Thereafter, TitleMax engaged its repossession agents, MVC to repossess Mr. Gross's vehicle.

43.    MVC in turn hired Does I-X to effect the actual repossession of Mr. Gross's vehicle.

44.    On the afternoon of February 15, 2020, Does I-X went to Mr. Gross's residence to repossess the Vehicle.

45.    Mr. Gross noticed Does I-X's arrival and ran out and protested the repossession and demanded that Does I-X immediately leave his property.

46.    Instead of ceasing the repossession and trying again later, Does I-X began a verbal confrontation with Mr. Gross that went on for hours.

47.    During this confrontation, Mr. Gross repeatedly demanded that Does I-X immediately leave the property and they refused.

48.    During this period, Does I-X aggressively cussed at Mr. Gross and told him that "I will knock your ass out clean."

49.   Eventually Mr. Gross and his girlfriend advised Does I-X that they would call the police.

50.   Does I-X responded "I did 10 years in prison, I don't give a fuck about the cops."

51.   Eventually the police arrived on the scene and told Does I-X they could go forward with the repossession.

52.   But for the officer's assistance the repossession could not have been completed.

53.   While Does I-X were attempting to repossess the vehicle they crashed into support beams of Mr. Gross's home and damaged them, moreover they damaged Mr. Gross's lawn and a tarp.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## DOES I-X

54.   Mr. Gross repeats and re-alleges each factual allegation contained above.

55.   California law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  Cal. Com. Code § 9609(b)(2).

56.   However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id*.

57.    A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989)

(agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

58.    Plaintiff unequivocally protested the repossession.

59.    Once Plaintiff protested the repossession, Does I-X lost the right to continue with the repossession

60.    Nonetheless, Does I-X continued with their repossession and thereby breached the peace.

61.    Likewise, a repossession agent breaches the peace if he damages a debtor's other property during a repossession.  *See In re 53 Foot Trawler Pegasus*, No. 608-CV-117-ORL-18DAB, 2008 WL 4938345, at *4 (M.D. Fla. Nov. 18, 2008) (damaging debtor property during a repossession a breach of the peace); *Bloomquist v. First Nat. Bank of Elk River*, 378 N.W.2d 81, 86 (Minn. Ct. App. 1985) (damaging property to enter premises breach of the peace and "appalling"); *Quest v. Barnett Bank of Pensacola*, 397 So. 2d 1020, 1024 (Fla. Dist. Ct. App. 1981) (damaging debtor property during a repossession a breach of the peace); *cf. Rivera v. Dealer Funding, LLC*, 178 F. Supp. 3d 272, 281 (E.D. Pa. 2016) (damage to property that did not occur during repossession was not breach of the peace);

*Chrysler Fin. Co. v. Flynn*, 88 S.W.3d 142, 150 (Mo. Ct. App. 2002) (noting damage to debtor's property as one of the potential factual predicates leading to breach of peace); *Davenport v. Chrysler Credit Corp.*, 818 S.W.2d 23, 29 (Tenn. Ct. App. 1991) (noting that courts have consistently found that repossessions accomplished by damaging debtor property to be inconsistent with the Uniform Commercial Code).

62.     During the repossession, Does I-X damaged Mr. Gross's non-collateral property and thereby breached the peace.

63.     During the repossession, Does I-X used threats of violence to coerce Plaintiff to cease his protest of the repossession, and thereby breached the peace.

64.     Additionally, enlisting the assistance of law enforcement to accomplish a repossession constitutes a constructive use of force—which is likewise a breach of the peace.  *See Albertorio-Santiago v. Reliable Fin. Services*, 612 F. Supp. 2d 159 (D. P.R. 2009) (breach of peace has occurred because presence of officer is sufficient to chill exercise of debtor's rights, and creditor must resort to judicial intervention); *In re MacLeod*, 118 B.R. 1 (Bankr. D.N.H. 1990) (off-duty police restrained debtor from objecting; held to violate U.C.C. § 9-503); *Walker v. Walthall*, 588 P.2d 863 (Ariz. Ct. App. 1978); *Dolphin Truck Leasing v. Gen. Motors Acceptance Corp.*, 340 So. 2d 1278 (Fla. Dist. Ct. App. 1977); *Fulton v. Anchor Sav. Bank*, 452 S.E.2d 208 (Ga. Ct. App. 1994) (police

order to give up car precludes voluntary surrender); *Firebaugh v. Gunther*, 233 P. 460 (Okla. 1925); *Harris v. Cantwell*, 614 P.2d 124 (Or. Ct. App. 1980); *Stone Mach. Co. v. Kessler*, 1 Wash. App. 750, 757, 463 P.2d 651, 655 (1970).

65.    Does I-X enlisted the help of law enforcement to accomplish their repossession and thereby breached the peace.

66.    A repossession agent's breach of the peace negates a right to possession. *See Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6). *See Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-*

*Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

67.     Because Does I-X breached the peace, they had no right to possession of the Vehicle.

68.     Does I-X violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

WHEREFORE, Mr. Gross prays for relief and judgment, as follows:

a) Adjudging that Does I-X violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Mr. Gross statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Gross actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Gross reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Mr. Gross pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

# COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
### MVC

69.    Mr. Gross repeats and re-alleges each factual allegation contained above.

70.    California law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  Cal. Com. Code § 9609(b)(2).

71.    However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

72.    A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

73.    Plaintiff unequivocally protested the repossession.

74.    Once Plaintiff protested the repossession, Does I-X lost the right to continue with the repossession

75.    Nonetheless, Does I-X continued with their repossession and thereby breached the peace.

76.    Likewise, a repossession agent breaches the peace if he damages a debtor's other property during a repossession.

77.    During the repossession, Does I-X damaged Mr. Gross's non-collateral property and thereby breached the peace.

78.    During the repossession, Does I-X used threats of violence to coerce Plaintiff to cease his protest of the repossession, and thereby breached the peace.

79.    Additionally, enlisting the assistance of law enforcement to accomplish a repossession constitutes a constructive use of force—which is likewise a breach of the peace.

80.    Does I-X enlisted the help of law enforcement to accomplish their repossession and thereby breached the peace.

81.    A repossession agent's breach of the peace negates a right to possession.

82.    Because Does I-X breached the peace, they had no right to possession of the Vehicle.

83.    Does I-X violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

84.    MVC, as the debt collector that hired Does I-X, is liable for Does I-X's violation of the FDCPA.

WHEREFORE, Mr. Gross prays for relief and judgment, as follows:

a)  Adjudging that Does I-X violated 15 U.S.C. § 1692f(6)(A);

b)  Adjudging that MVC as the debt collector that hired Does I-X, is liable for Does I-X's violation of the FDCPA;

c) Awarding Mr. Gross statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Mr. Gross actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Mr. Gross reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Mr. Gross pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF CAL. COM. CODE § 9609(b)(2)**
**TITLEMAX**

85.     Mr. Gross repeats and re-alleges each factual allegation contained above.

86.     California law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  Cal. Com. Code § 9102(b)(2).

87.     However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

88.     Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral.  *Rand v. Porsche Fin. Servs.*, 216 Ariz.

424, 434, 167 P.3d 111, 121 (Ct. App. 2007) ("[W]e hold that the nondelegable duty exception applies to independent contractors hired to accomplish the self-help repossession of a motor vehicle."); *see also Doucette v. Belmont Sav. Bank*, No. ESCV20161596D, 2017 WL 2427566, at *2 (Mass. Super. Apr. 14, 2017); *Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Robinson v. Citicorp Nat. Servs., Inc.*, 921 S.W.2d 52, 55 (Mo. Ct. App. 1996); *Mauro v. Gen. Motors Acceptance Corp.*, 164 Misc. 2d 871, 876, 626 N.Y.S.2d 374, 377 (Sup. Ct. 1995); *Clark v. Assocs. Commercial Corp.*, 877 F. Supp. 1439, 1448 (D. Kan. 1994); *Hester v. Bandy*, 627 So. 2d 833, 843 (Miss. 1993); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992); *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); *McCall v. Owens*, 820 S.W.2d 748, 752 (Tenn. Ct. App. 1991); *Massengill v. Indiana Nat'l Bank,* 550 N.E.2d 97, 99 (Ind. Ct. App.1990); *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *Gen. Fin. Corp. v. Smith*, 505 So. 2d 1045, 1047 (Ala. 1987); *Henderson v. Security Nat'l Bank,* 72 Cal. App.3d 764, 140 Cal. Rptr. 388, 390–91 (1977).

89.     Moreover, the official comments to the California Commercial Code provide: "In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of

others taken on the secured party' behalf, including independent contractors engaged by the secured party to take possession of collateral."  Cal. Com. Code § 9609(b)(2) at Official Comment 3.

90.    TitleMax's repossession agents, Does I-X, breached the peace by: (1) Continuing with their repossession in the face of Plaintiff's unequivocal protest, (2) damaging Plaintiff's non-collateral property during the repossession; (3) threatening violence during the repossession (4) enlisting the assistance of law enforcement officers to accomplish the repossession.

91.    TitleMax as the secured party that hired Does I-X is liable for their breaches of the peace.

92.    TitleMax violated Cal. Com. Code § 9102(b)(2) when its repossession agents breached the peace to repossess Mr. Gross's Vehicle.

WHEREFORE, Mr. Gross prays for relief and judgment, as follows:

a)  Adjudging that TitleMax violated Cal. Com. Code § 9102(b)(2);

b)  Awarding Mr. Gross damages, pursuant to Cal. Com. Code § 9625(c);

c)  Awarding Mr. Gross pre-judgment and post-judgment interest as permissible by law; and

d)  Awarding such other and further relief as the Court may deem proper.

# COUNT III
## VIOLATION OF CAL. CIV. CODE § 1788.17
## ALL DEFENDANTS

93.     Mr. Gross repeats and re-allege each factual allegation contained above.

94.     Does I-X violated 15 U.S.C. § 1692f(6).

95.     By violating 15 U.S.C. § 1692f(6), Does I-X violated Cal. Civ. Code § 1788.17.

96.     MVC, through its agents Does I-X, violated 15 U.S.C. § 1692f(6).

97.     TitleMax, through its agents Does I-X, violated 15 U.S.C. § 1692f(6).

98.     By violating 15 U.S.C. § 1692f(6), TitleMax violated Cal. Civ. Code § 1788.17.

99.     By violating 15 U.S.C. § 1692f(6), MVC violated Cal. Civ. Code § 1788.17.

WHEREFORE, Mr. Gross prays for relief and judgment, as follows:

a)  Adjudging that TitleMax, MVC, and Does I-X violated Cal. Civ. Code § 1788.17;

b)  Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

100.   Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 6, 2020

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff