Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrew Gross,<br><br>Plaintiff,<br><br>vs.<br><br>TitleMax of California, Inc. dba TitleMax, MVConnect, LLC, and Paramount Recovery Service, Inc.,<br><br>Defendants. | Case No. 2:20-cv-07086-SVW-JC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HIS SECOND MOTION FOR ADDITIONAL TIME TO CONSUMMATE SETTLEMENT**<br><br>Judge: Hon. Stephen V. Wilson |

After extensive negotiations, the parties in this matter reached a settlement in principle on August 27, 2021, subject to a mutually agreeable release, which Defendants would draft. Even though this matter was stayed pending arbitration and thus would not affect the Court's calendar in any way, Plaintiff dutifully notified the Court of the settlement and asked for 60 days to consummate the settlement. The Court initially granted 30 days. Doc. 23.

Instead of promptly providing a draft release, Defendants elected to engage in a "squeeze play" to force new terms into the release. Defendants drug their feet

preparing the release for nearly a month—despite several follow up emails from Plaintiff. When Defendants finally provided a draft release, it contained numerous provisions the parties had not discussed and required Plaintiff to indemnify third parties for Defendants' conduct. Faced with this situation, Plaintiff moved for more time to consummate the settlement, which the Court granted. Doc. 26.

Having defused Defendants' squeeze play, counsel sought to discuss the new terms with Plaintiff. But because Plaintiff's phone was broken, he has experienced great difficulty communicating with counsel via telephone or email. Consequently, counsel has not been able to obtain authority to accept or reject the new terms Defendants have attempted to force upon Plaintiff.

Now, Defendants seek to take advantage of Plaintiff's bad fortune to obtain a dismissal with prejudice. Doc. 28. Plainly, this is improper. The Court's order in response to Plaintiff's notice of settlement did not require the settlement to be consummated by the stated deadline on pain of dismissal with prejudice. Such a remedy would be inconceivable on these facts.[1]

If the parties are unable to consummate their settlement (because, for example, one of the parties attempted to add new terms to the agreement), the proper thing to do is either enter an order enforcing the settlement (if one is found to exist). Or, if a

---

[1] Additionally, most of the claims in this matter were already referred to arbitration, which raises the question whether the Court has jurisdiction to enter a dismissal with prejudice as to these claims. Doc. 19.

Reply in support of motion to extend time - 2

the Court believes that a true meeting of the minds has not occurred, it should disregard the notice of settlement and return the case to its previous state—stayed pending arbitration. *See e.g., Custom Cutlery, LLC v. Churnick*, No. 16-CV-24491-CV, 2017 U.S. Dist. LEXIS 181929, at *9 (S.D. Fla. Oct. 31, 2017) ("The failure to consummate a settlement agreement is good cause to reopen an action.").

WHEREFORE, Plaintiff requests that the Court grant his Motion to extend the deadline to file dismissal paperwork by thirty (30) days.

Dated: November 29, 2021

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff

Reply in support of motion to extend time - 3

## CERTIFICATE OF SERVICE

I certify that on November 29, 2021, I filed the foregoing document with the Court using CM/ECF, which will send notification of such filing to all counsel of record.

/s/Russell S. Thompson, IV
Russell S. Thompson, IV